UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GLOBAL MATERIAL TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAHZENG METAL FIBRE CO., LTD, DONG JUE MIN, <br><br> Defendants/ Judgment Debtors, <br> and <br><br> FEDERAL-MOGUL POWERTRAIN, INC., et al., <br> Garnishees | 2:18-MC-51311-TGB <br><br><br><br> **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL** |

Plaintiff Global Material Technologies, Inc. won a $6.6 million judgment in the United States District Court for the Northern District of Illinois against certain Chinese corporate entities who supplied steel fiber products to the auto parts manufacturer Federal-Mogul. Plaintiff registered that judgment with this Court and filed requests for writs of garnishment against sixteen Federal Mogul entities ("the FM Garnishees") located in Michigan seeking to attach any payment obligations that the

FM Garnishees may have to the Defendants subject to the Illinois judgment. Plaintiff now seeks discovery from FM Garnishees to determine whether the FM Garnishees owe money to Defendants that Plaintiff may collect to satisfy a judgment. The Court heard oral argument on the motion on April 24, 2019 and now **GRANTS IN PART** Plaintiff's Motion (ECF No. 111). Limited discovery will be permitted.

I.   Facts

On September 13, 2016, the United States District Court for the Northern District of Illinois granted Plaintiff's Motion for Default Judgment as a sanction for Defendants' spoliation of evidence. Order, ECF No. 111-4. The facts of the case are fully set forth in that court's Order but briefly summarized here.

Plaintiff Global Material Technologies ("GMT") sued Defendants Dahzeng Metal Fibre Co. Ltd., Dazheng Metal Fibre Co. Ltd. d/b/a ChuanGuPing a/k/a Tru Group, and Dong Jue Min (the "DNZ" Defendants) in the Northern District of Illinois for misappropriating GMT's trade secrets related to the manufacture and sale of steel fiber products. Plaintiff's Motion for Discovery, ECF No. 111 PageID.123–24. Plaintiff obtained a default judgment on the claim that Defendants sold products

manufactured using those stolen trade secrets to Garnishees: Federal-Mogul Chassis, Federal-Mogul Corporation, Federal-Mogul Finance 1, Federal-Mogul Ignition Company, Federal-Mogul, Federal-Mogul Motorparts Corporation, Federal-Mogul Motorparts LLC, Federal-Mogul Piston Rings, Inc., Federal Mogul Powertrain LLC, Federal-Mogul Powertrain, Inc., Federal-Mogul Products, Inc., Federal-Mogul TP Liners, Inc., Federal-Mogul Transaction LLC, Federal-Mogul U.S. Ignition, LLC, Federal-Mogul Value Train International LLC, Federal-Mogul World Wide, Inc., Ferodo America, Inc., and Speyside Real Estate, LLC. Here, the Court refers to all Garnishees collectively as "the FM Garnishees." Plaintiff sought to collect any money the FM Garnishees owe to Defendants in order to satisfy the approximately $6.6 million judgment of the Northern District of Illinois court, entered on March 28, 2018. Judgment, ECF No. 111-5. In response, the FM Garnishees have stated that they do not owe any money to Defendants. *See, e.g.,* Garnishee Disclosure from Federal-Mogul Piston Rings, Inc., ECF No. 76.

But Plaintiff is skeptical. Plaintiff alleges that Defendants are avoiding the judgment by using Zhuhai Unimetal ("Zhuhai") as a nomi-

nee entity of the DNZ Defendants to receive payments from the FM Garnishees. ECF No. 111 PageID.125. In other words, Plaintiff is alleging that Defendants continue to sell steel fiber products to the FM Garnishees using Plaintiff's trade secrets, but they do so through Zhuhai in order to avoid Plaintiff's efforts to execute a garnishment against the FM Garnishees.[1] In this way, Plaintiffs argue, the FM Garnishees nominally owe money only to Zhuhai, not to Defendants, so the FM Garnishees would technically be correct in responding to the writ of garnishment by stating that they do not owe any money to the Defendants. Plaintiffs see this as an illicit maneuver. The Order Granting Default Judgment against Defendants in the Northern District of Illinois indicates that Defendants previously used this exact strategy to steal Plaintiff's customers—first funneling transactions through an entity called Tru Group and then through one called Seamarky. ECF No. 111-4 PageID.170.

To ascertain the transactions between the FM Garnishees, Zhuhai, and Defendants, Plaintiff seeks to depose corporate representatives of the FM Garnishees "regarding all payables owed to [Defendants] and all

---

[1] On December 11, 2018, pursuant to orders entered by the United States District Court for the Middle District of Tennessee, Plaintiff seized 79 pallets of steel fibers en route to Garnishees. Those products, bearing Zhuhai shipping labels, had Defendant's name—"DNZ"—stenciled on them. Photos of Seized Products, ECF No. 111-10.

entities through which [Defendants] have operated, and continue to operate"; and allow Plaintiff to subpoena documents from the FM Garnishees responsive to those topics with a production date prior to the corporate representative depositions.

## II. Analysis

Fed. R. Civ. P. 69 governs execution of judgments. Subsection (1) states that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Subsection (2) permits discovery "[i]n aid of the judgment or execution . . . from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." The parties have not asserted that any federal statute applies. The Court therefore looks to Michigan law to determine the scope of discovery permissible when a party seeks to execute a judgment.

Michigan Court Rule 3.101(L)(3) states, "The discovery rules apply to garnishment proceedings." Specifically, the rule states, "Within 14 days after service of the disclosure, the plaintiff may serve the garnishee

with written interrogatories or notice the deposition of the garnishee." MCR 3.101(L)(1). Rule 2.302(B)(1), governing the scope of discovery in civil cases, allows discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." And Rule 3.101(G) sets forth the liabilities of a garnishee, which, relevant to this Motion, is limited to amounts owed by the garnishee to the defendant when the writ of garnishment was served. Mich. Comp. Laws § 600.6128 allows the Court to determine title to debt or property where "[a] third party is indebted to the judgment debtor, and the obligation of the third party to pay the judgment debtor is disputed," including making the third party a party to the action. In addition, a court may "compel a discovery of any property or things in action belonging to a judgment debtor" after a money judgment is entered. Mich. Comp. Laws § 600.6104(1). A periodic writ of garnishment, such as exists in this action, "remains in effect until the balance of the judgment is satisfied." Mich. Comp. Laws § 600.4012(1).

Courts interpreting Michigan law have endorsed a broad scope for post-judgment discovery. *See, e.g., Comerica Bank v. Esshaki*, 314 F.

Supp. 3d 832, 833–34 (E.D. Mich. 2018) (The scope of postjudgment discovery is very broad. . . A judgment creditor is entitled to a very thorough examination of the judgment debtor." (internal quotation marks omitted) (citing cases)). There is a presumption in favor of "full discovery of *any matters* arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce the judgment." *Id.* at 834 (internal quotation marks omitted) (emphasis added).

Having carefully reviewed the written opinions of the court in the Northern District of Illinois, this Court finds that Plaintiff has demonstrated that the information it seeks is relevant to its garnishment action, presenting enough evidence to show that the relationship between Zhuhai, the FM Garnishees, and Defendants is "arguably related" to its effort to enforce the judgment against Defendant.

The FM Garnishees raise several objections to Plaintiff's request, which the Court now considers. First, they argue that Plaintiff's requests exceed the scope of permissible discovery. The FM Garnishees say they owe no money to Defendants and that discovery should be limited to determining whether this statement is true. But the FM Garnishees cannot overcome the multiple statutory provisions and cases authorizing broad

discovery in garnishment actions—even extending to non-parties to the case. Instead, the FM Garnishees argue they complied with their disclosure obligations under Michigan law. While this is indeed true, it does not foreclose Plaintiff's right to discovery on any matters arguably related to their efforts to enforce a judgment.

The FM Garnishees argue that because it would be impossible for Plaintiff to enforce its judgment against non-parties, discovery on this matter is inappropriate. But this requires deciding a question on the merits that is not yet properly before the Court. The Court does not yet know what discovery on this issue may reveal. If the FM Garnishees owe money to Zhuhai, but Zhuhai is only a nominee for the Defendants, Plaintiff may seek to argue that any payment obligation to Zhuhai should be subject to garnishment as it is a de facto payment obligation to the Defendants. Or Plaintiff could use the information produced in discovery to add Zhuhai to the garnishment action—either by directing a writ of garnishment to Zhuhai[2] or by invoking a fraudulent transfer theory. In particular, under

---

[2] At oral argument on this Motion, counsel for FM Garnishees suggested that Zhuhai could possibly be named as a garnishee, but Plaintiff did not pursue that option. In briefing, however, the FM Garnishees contended that Plaintiff could not name Zhuhai as a defendant in this garnishment action because Plaintiff has not established Zhuhai's liability for Defendant's debts. ECF No. 115 PageID.308. Discovery from the

Michigan law, a judgment creditor can request a writ of garnishment where it "knows or has good reason to believe that a named person has control of property belonging to the defendant." MCR 3.101(D)(3)(a). Discovery from the FM Garnishees might provide the kind of evidence necessary to request a writ of garnishment as to DNZ property that Zhuhai allegedly controls.

In sum, discovery could reveal some basis for Plaintiff to pursue additional action against either Zhuhai or the Defendants.

Garnishees next argue that MCR 3.101(L)(1) allows only interrogatories and depositions in garnishment actions,[3] not document requests. While it is correct that this rule explicitly mentions only interrogatories and depositions, the text of the rule does not *exclude* other types of discovery, including requests to produce documents. And subsection (3) of the same rule, as noted above, references the general discovery rules for Michigan state courts, which permit requests to produce documents.

---

FM Garnishees is thus a proper avenue for investigation to see whether Plaintiff can establish that Zhuhai should be added as a garnishee.

[3] The case Garnishees cite in their Response to support this argument is *Johnson Carpet, Inc. v. Headapohl*, No. 2014120, 2000 WL 33535528 (Mich. Ct. App. Jan. 28, 2000). This case is inapposite because it examines when a court ought to quash a writ of garnishment and what evidence is *admissible* in a garnishment action, not when a court ought to allow certain discovery.

Plaintiff has provided ample case law supporting the proposition that Michigan courts interpret the text of discovery rules broadly. *E.g. BR NORTH 223, LLC v. Glieberman*, No. 13-50297 (E.D. Mich. Feb. 25, 2015) (permitting the plaintiff to subpoena documents in a garnishment action under Michigan law); *Reed Dairy Farm v. Consumers Power Co.*, 576 N.W.2d 709, 711 (finding that "court rules are simply guidelines for accessing information, and are not designed to be an exhaustive index of every resource available to parties during discovery"). In sum, "the discovery process should promote the discovery of the facts and circumstances of a controversy, rather than aid in their concealment." *Reed Dairy*, 576 N.W.2d at 710 (quotation marks omitted). Plaintiff has plausibly alleged that the FM Garnishees may be concealing the true nature of their obligation to Defendants by transacting business through Zhuhai. Indeed, the default judgment issued in the Northern District of Illinois was based on the Defendants' concealment of facts, evidenced by failure to comply with its discovery obligations. ECF No. 111-4 PageID.167. The FM Garnishees' objection that the requested discovery is impermissibly broad because it seeks information from non-parties lacks merit.

The FM Garnishees also argue that a garnishment attaches only to amounts *currently* owed to Defendant. Plaintiffs seek information dating back to January 2015, January 2017, or during an unlimited period of time. The FM Garnishees contend that these requests encompass too expansive a time period. Given that transactions could have occurred prior to the date of service of the writ of garnishment for which the FM Garnishees still owe money that could be eligible for garnishment to satisfy a judgment, the Court disagrees that the only relevant time-period for discovery requests is the date of service of the writ of garnishment. However, the Court does find that Plaintiff's requests carrying an unlimited time-frame are overly broad. Plaintiff's discovery requests are therefore granted only as to the time-period from January 2015 to the present.

Finally, the FM Garnishees object on the ground that Plaintiff is requesting confidential business information. As Plaintiff notes, this objection can be resolved with a protective order at the appropriate time. Parties are invited to stipulate to such an order and the Court will review the parties' proposal.

## III. Conclusion

Pursuant to the analysis above, Plaintiff's Motion to Compel is **GRANTED IN PART**, limited to information from the time-period from January 2015 to the present.

**SO ORDERED.**

DATED May 10, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE