# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GLOBAL MATERIAL TECHNOLOGIES, INC., | ) ) ) |
| Plaintiff/judgment creditor, | ) Case No. 2:18-MC-51311 ) |
| v. | ) Hon. Terrence G. Berg ) |
| DAHZENG METAL FIBRE CO., LTD. and DONG JUE MIN, | ) ) ) |
| Defendants/judgment debtors | ) ) |
| And | ) ) |
| FEDERAL-MOGUL POWERTRAIN, INC.; et al. | ) ) ) |
| Garnishee Defendants. | ) ) |

## STIPULATED PROTECTIVE ORDER

Pursuant to Local Rule 26.4 of the United States District Court for the Eastern District of Michigan and Fed. R. Civ. P. 26(c), the Court's authority, the Court's order regarding the submission of a stipulated protective order (Dkt. 119), for good cause shown, and on stipulation of the parties,

**IT IS HEREBY ORDERED** that any party or non-party (the "producing party") may designate information, documents, testimony, tangible items, or things produced or disclosed in this Garnishment Action as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" under the following terms and conditions of this Protective Order (the "Order"):

1. Any document, information, testimony, tangible item, or thing may be designated "Confidential" if the producing party determines in good faith that it contains confidential or proprietary information (the "Confidential Material"). Information or documents that are available to the public may not be designated as "Confidential".

2. Any document, information, tangible item, testimony, or thing produced by any party which a party believes in good faith contains a trade secret or other highly confidential research, development, or commercial information as those terms are applied within Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and consistent with the law of this Circuit, which contains particularly sensitive confidential information proprietary to the producing party may be designated "Highly Confidential-Attorneys' Eyes Only" (the "Highly Confidential – Attorneys' Eyes Only Material").

3. A producing party may designate any document, information, testimony, thing, or other tangible item or thing as Confidential Material or Highly Confidential-Attorneys' Eyes Only Material by conspicuously stamping or appending the appropriate designation. In the case of a paper document, a producing party may so mark the first page of a multipage document or each applicable page. In the case of an electronic document, a producing party may append to that document the appropriate designation that does not alter the metadata associated

with the document, or may place the appropriate designation mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on the outside of the medium (whether disc, hard drive, etc.) containing the document.

    4.    A non-producing party may also designate any document, information, testimony, tangible item, or things produced during the course of this proceeding, not already designated "Confidential" or "Highly Confidential-Attorneys' Eyes Only" as Confidential Material or Highly Confidential-Attorneys' Eyes Only Material as if it were a producing party. The non-producing party shall accomplish such designation by notifying all parties in writing of the specific item so designated.

    5.    A producing party may designate documents, information, testimony, or things disclosed at a deposition as Confidential Material or Highly Confidential-Attorneys' Eyes Only Material on the record during the deposition or, within 30 days of receiving the deposition transcript, by notifying all parties in writing of the specific item so designated or the lines and pages of the transcript that are Confidential or Highly Confidential-Attorneys' Eyes Only Material. All deposition transcripts and exhibits will be deemed Highly Confidential – Attorneys' Eyes Only Material for a period of 30 days after the receipt of the deposition transcript.

    a.    If a producing party designates Confidential Material or Highly Confidential-Attorneys' Eyes Only Material on the record, the court reporter shall indicate that fact on the cover page of the transcript that the transcript includes Confidential or Highly Confidential-Attorneys'

Eyes Only Material information, and shall list the pages and line numbers and/or exhibits of the transcript on or in which such information is contained, and shall bind the transcript in separate portions containing "Confidential" or "Highly Confidential-Attorneys' Eyes Only" and non-Confidential material. Further, during the period in which such Confidential or Highly Confidential-Attorneys' Eyes Only Material is discussed during the deposition, any person present during the deposition who is not authorized to receive such information under Paragraph 11 below shall be excluded from that portion of the deposition.

    b.    A non-producing party may designate documents, information, testimony, or things disclosed at a deposition as Confidential or Highly Confidential-Attorneys' Eyes Only Material in the same manner as a producing party.

6. If a party producing documents, information, testimony, tangible items, or things inadvertently fails to mark it as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" Material for which it desires such treatment, it shall so inform the party receiving the materials forthwith, but in no event later than thirty (30) days following discovery of the inadvertent disclosure. The receiving party thereupon shall return the unmarked materials to the producing party and the producing party shall substitute properly marked materials.

7. The inadvertent or unintentional disclosure by a producing party supplying confidential discovery material, regardless of whether such discovery material was designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" Material, shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality with respect to the discovery material disclosed,

provided that the producing party making such inadvertent or unintentional disclosure notifies the receiving parties forthwith, but in no event later than thirty (30) days after it learns of such inadvertent or unintentional disclosure. If discovery material has been disclosed and is subsequently designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" Material, the parties shall make good faith efforts to preserve the "Confidential" nature of such discovery material and to obtain compliance with this Order from any person to whom such discovery material was disclosed.

8. If a producing party, at the time of disclosure, inadvertently fails to identify as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" any discovery material (including, without limitation, documents, oral, visual, or recorded information) for which it desires such treatment, and another party files the material with the Court prior to receiving notice that such material was inadvertently disclosed without the desired designation, the producing party who made the inadvertent disclosure shall be responsible for seeking appropriate relief from the Court.

9. Should any party object to a designation of any Confidential Material or Highly Confidential-Attorneys' Eyes Only Material, the parties or the producing party shall, on an expedited basis, meet and confer in a good-faith attempt to reach an agreement regarding the status of that material. The parties are strongly

03128348 v1
PFS:002717.0042.2113083.6

5

encouraged to resolve all such objections and, if appropriate, utilize the services of a neutral to assist the parties in the resolution of the dispute. If an objection is not thereby resolved, a party may bring the dispute before the Court on an expedited basis for a determination. The party claiming the "Confidential" or "Highly Confidential-Attorneys' Eyes Only" designation shall have the burden of proving good cause for the entry of an order maintaining the designation of the information, documents, or testimony under the terms of this Stipulated Protective Order. Until the Court makes such determination, all material designated as Confidential Material or Highly Confidential-Attorneys' Eyes Only Material shall be treated as such.

10. All information, documents, testimony, tangible items, or things produced, exchanged, or inspected in the course of this proceeding shall be used solely for the purposes of this proceeding, including all appeals and collection efforts relating to this proceeding.

11. Confidential Material shall be made available only to the Court's staff and to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel in connection with this case) and the following persons:

    a. The parties and those agents and employees that are directly involved in the prosecution or defense of this matter;

    b. experts or consultants (together with their clerical staff) retained by the respective parties to assist in this case;

c. any court reporter employed in this case;

d. a witness at any deposition or other proceeding in this case;

e. a potential witness; and

f. any other person with the written consent of the parties (and any affected non-party producing party) or upon order of the Court.

12. Materials designated as "Confidential" shall not be made available to persons other than those authorized in paragraphs 10 and 11 above – even if attached to or contained within otherwise non-Confidential materials, such as transcripts, memoranda, discovery responses, or affidavits. The "Confidential" information must be removed before the remaining materials may be made available to those other persons.

13. Confidential Material shall not be disclosed by opposing counsel to a former employee of the receiving party, or to a testifying or non-testifying expert or consultant under paragraphs 10 and 11 unless and until such representative, expert, or consultant has first been supplied with and has read a copy of this Order and has executed a copy of the Confidentiality Agreement attached as Exhibit A. Current employees of the party are not required to execute a copy of the Confidentiality Agreement, but must be advised regarding the provisions of this Protective Order.

14. All Highly Confidential-Attorneys' Eyes Only Material shall be made available only to the Court's staff and to counsel for the parties (including the

paralegal, clerical, and secretarial staff employed by such counsel in connection with this case) and the following persons:

    a. Testifying or non-testifying expert or consultant to whom disclosure is reasonably necessary for this action and who has first been supplied with and has read a copy of this Order and has executed a copy of the Confidentiality Agreement attached as Exhibit A;

    b. court reporters, videographers and their staff;

    c. professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this action and who has first been supplied with and has read a copy of this Order and has executed a copy of the Confidentiality Agreement attached as Exhibit A;

    d. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed the information; and

    e. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

15. Counsel shall maintain Confidential Material and Highly Confidential-Attorneys' Eyes Only Material in a secure location. This provision shall not prevent use of an ESI vendor or host who restricts access to those persons permitted to review "Confidential" or "Highly Confidential-Attorneys' Eyes Only" Material as set forth in this Order.

16. No documents, information, or things designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only," including that contained in pleadings, motions, briefs, declarations, or exhibits (except in sealed envelopes) shall be filed with the Court.

To the extent practical, only those portions of a filing with the Court that contain material designated as "Confidential" shall be filed under seal (as provided in paragraph 20) or provided to the Court for *in camera* inspection. The Court and its staff shall maintain all filings so designated pending further order or direction from the Court. Provided that no "Confidential" or "Highly Confidential-Attorneys' Eyes Only" information is disclosed, the parties may generally refer to documents designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" in pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without filing such pleadings, motions, briefs, affidavits, or exhibits under seal.

17. Nothing in this Order shall preclude any party or their attorneys from:

a. Showing "Confidential" or "Highly Confidential-Attorneys' Eyes Only" Material to an individual who is shown by the document to have prepared or received the document.

b. Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" Material.

c. Disclosing or using, in any manner or for any purpose, any information, document, or thing at the trial of this matter. But if a party intends to use or offer into evidence at such trial any materials designated as

"Confidential" or "Highly Confidential-Attorneys' Eyes Only," that party must, unless otherwise ordered by the Court, so inform the producing party in a reasonable time in advance to allow the producing party to take such steps that it deems reasonably necessary to preserve the confidentiality of such information or documents.

18. If either party is served with a subpoena or similar process, from any person or entity whatsoever, directing that party to produce any materials designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" by another party, counsel for that party shall immediately give counsel for the designating party written notice of such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

19. Within sixty (60) days of the conclusion of this action, including any appeals, all originals and reproductions of any materials designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" shall be returned to the producing party's counsel by the receiving party, at the receiving party's expense; provided however, counsel for the parties may retain one complete set (including exhibits) of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony given in this action, in addition to materials designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" in a secure location - subject to any applicable Statute of Limitations. Upon request, counsel for the receiving party shall provide written verification to the producing party that all copies of such materials produced to the receiving party have been

returned, other than as indicated in this paragraph. Materials designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" that are in the custody of the Court are excepted from the terms of this paragraph.

20. This Order does not authorize or permit the filing of any documents under seal. Pursuant to Local Rule 5.3 of the United States District Court for the Eastern District of Michigan, the parties are not to file documents under seal without prior Court approval. The party seeking to file any paper under seal must file and serve a motion complying with each of the requirements under LR 5.3(b). The entire pleading or other paper may not be filed under seal with the Court and only the portion of the pleading or paper which is not to be publicly disclosed may be filed under seal. The party intending to file Confidential Material or Highly Confidential – Attorneys' Eyes Only Material with the Court shall file a separate motion before filing the item under seal, per L.R. 5.3, requesting that the Court enter an order permitting the designated material to be filed with the clerk under seal and as material designated as Confidential Material or Highly Confidential – Attorneys' Eyes Only Material. The portion to be filed under seal requires an endorsement by the court on a cover page. A party's presentment to the Court for the endorsement shall be accompanied by an explanation why the portion of the document is Confidential or Highly Confidential – Attorneys' Eyes Only Material. The motion shall limit the disclosure of such information to counsel of record, and only those

persons authorized by this Order to have access to such Confidential Material or Highly Confidential – Attorneys' Eyes Only Material. Such documents shall bear the title of this case and the notation: **"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER. TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT."** Nothing may be filed under seal with the Court without an endorsement by the Court on a cover page.

21. If information or materials are inadvertently produced that are subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information or materials should not be made to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled. Any and all facially privileged or work product materials inadvertently produced shall be returned promptly, when discovered, in accordance with ABA Rules of Professional Conduct Formal Opinion 92-368 (1992). Any other inadvertently produced privileged materials shall be promptly returned upon the request of the producing party.

22. The parties shall take all necessary steps to protect the confidential status of the Confidential Material and the Highly Confidential – Attorneys' Eyes Only Material.

23. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this matter. By agreeing to the entry of this Order, no party waives any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things. Nothing constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

24. The terms of this Order shall remain in effect after the action and any related appeals are concluded, including all appeals and collection efforts, except that there shall no longer be any restriction on use of materials designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" that are used as exhibits at trial (unless such exhibits were used under seal or protective order at trial). The Court shall retain jurisdiction over the parties and any other persons subject to the terms of this Order for the purpose of enforcing the same, notwithstanding any subsequent disposition of this action.

/s/Terrence G. Berg

TERRENCE G. BERG

UNITED STATES DISTRICT JUDGE

Dated: July 25, 2019

Stipulated and Agreed to as to Form and Content:

| | |
|---|---|
| Maddin Hauser Roth & Heller, P.C.<br>By: /s/ *Kathleen H. Klaus*<br>Kathleen H. Klaus (P67207)<br>28400 Northwestern Hwy.<br>Second Floor<br>Southfield, Michigan 48034<br>248.359.7520<br>kklaus@maddinhauser.com<br>Attorney for Plaintiff | Brooks Wilkins Sharkey & Turco PLLC<br>By: /s/ *Alexandra Stan*<br>Maureen T. Taylor (P63547)<br>Alexandra Stan (P80616)<br>Brooks Wilkins Sharkey & Turco PLLC<br>401 S. Old Woodward Avenue, Suite 400<br>Birmingham, Michigan 48009<br>248.971.1800<br>taylor@bwst-law.com;<br>stan@bwst-law.com<br>Attorneys for Garnishee Defendants |
| Patzik, Frank & Samotny Ltd.<br>By: /s/ *Jonathan S. Goodman*<br>Phillip S. Reed<br>Jonathan S. Goodman<br>200 S. Wacker Drive, Suite 2700<br>Chicago, Illinois 60606<br>312.551.8300<br>preed@pfs-law.com<br>jgoodman@pfs-law.com<br>Attorneys for Plaintiff | |

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GLOBAL MATERIAL TECHNOLEGIES, INC., | ) )<br>) Case No. 2:18-MC-51311 |
| Plaintiff/judgment creditor, | ) |
| v. | ) Hon. Terrence G. Berg<br>) |
| DAHZENG METAL FIBRE CO., LTD. and DONG JUE MIN, | )<br>)<br>) |
| Defendants/judgment debtors | )<br>) |
| And | )<br>) |
| FEDERAL-MOGUL POWERTRAIN, INC.; et al. | )<br>)<br>) |
| Garnishee Defendants. | ) |

## CONFIDENTIALITY AGREEMENT

I, _____, being first duly sworn, state that:

1. My address is: _____.

2. My present employer is _____ and the address of my employer is _____.

3. My present occupation is _____.

4. I have received a copy of the Stipulated Protective Order in the case of *Global Material Technologies, Inc. v. Dahzeng Metal Fibre, Co. Ltd. et al. and Federal-Mogul Powertrain, Inc. et al.*, Case No. 2:18-MC-51311 in the United States District Court for the Eastern District of Michigan.

5. I submit to the jurisdiction of the United States District Court for the Eastern District of Michigan for purposes of enforcement of the Stipulated Protective Order.

6. I have carefully read and understand the provisions of the Stipulated Protective Order, and I will comply with all of its provisions.

7. I recognize that all civil remedies for breach of this Agreement are specifically reserved by Garnishee Defendants and are not waived by the disclosure provided for herein. Further, in the event of the breach of this Agreement, I recognize that the Garnishee Defendants may pursue all civil remedies available to them as a third-party beneficiary of this agreement.

Subscribed and sworn to me before this _____ day of _____, 2019.

_____
Notary Public

My commission expires: _____